LUTHER R. WRIGHT ET AL., PLAINTIFFS IN ERROR, V.
CHARLES H. B. ROUSS, DEFENDANT IN ERROR.

Justice of Peace:  LIABILITY FOR WRONGFUL ISSUE OF ATTACH-
MENT.   Where an action by attachment is brought before a
justice of the peace against a non-resident of the state, and his
property attached and sold, the justice will be liable if the cause
of action is not founded on contract, judgment, or decree.

ERROR to the district court for Douglas county.  Heard
below before NEVILLE, J.

*W. J. Connell* and *Simeon Bloom,* for plaintiffs in error,
cited:  *Clark v. Spicer,* 6 Kan., 440.

*Warren Switzler,* for defendant in error, cited:   Drake
Attachments, §§ 14, 15, 17, 19, 22, 34, 35, 36.   *Jeffrey v.
Wooley,* 5 Halst., 123.   *Handy v. Brong,* 4 Neb., 60.
*Elliott v. Jackson,* 3 Wis., 649.   *Strock v. Little,* 45 Penn.
State, 416.

MAXWELL, J.

This case was before this court in 1883, and is reported
in 14 Nebraska, 457, the judgment of the court below be-
ing reversed.   On the second trial the jury returned a ver-
dict in favor of Rouss for the sum of $131.08, upon which
judgment was rendered.  On the former hearing it was held
that the affidavit for an attachment and bill of particulars
filed with the defendant Wright as the foundation of the
action did not show that the case was for a debt or demand
arising upon contract, judgment, or decree, and did not au-
thorize the issuing of an attachment against a non-resident.
On the second trial the defendant Wright introduced testi-
mony showing the nature of the transaction, claiming that the
action was to recover damages for a breach of contract—delay
in delivering goods.

The testimony shows the following facts: The defendant in error, Rouss, at the time this transaction took place, in 1879, was a merchant in New York City. In August of that year one Jacob Levi, who resided in Troy, New York, purchased of Rouss goods of the value of about $124.70, to be shipped C. O. D. to one Isaac Levi, a brother of Jacob, at some point in Nebraska. It is claimed on behalf of the plaintiff in error that the goods were to be shipped to Omaha, and that Rouss shipped them to Homer, Dakota county, and that they did not reach Omaha until December, 1879. Jacob Levi, when he purchased the goods, paid thereon the sum of $12.50, " as security that the goods would be taken out on arrival." The goods were directed to C. H. B. Rouss, Homer, Nebraska. A draft for the amount of the bill, with the bill of lading attached, was by direction of Jacob Levi sent to a bank at Omaha, but as Isaac Levi could not be found, they were sent to a bank at Troy, New York, and presented to Jacob Levi, who refused to pay the draft, upon the ground that the debt was that of his brother. Neither of the Levis paid for the goods nor offered to do so. At the time Jacob Levi purchased the goods in question he delivered to Rouss other goods of the value of about $30.00, which Rouss agreed to ship with the goods in question. When Isaac Levi was informed that the goods were at the depot in Omaha he did not offer to pay for them or in any manner comply with the contract on his part, but at once instituted proceedings against Rouss before Wright, justice of the peace, and attached the goods in question, which were sold under the attachment. This action was brought against Wright to recover the value of the goods, upon the ground that the justice had no jurisdiction.

The testimony shows that the goods were sent at once to Homer, Nebraska, that being the place where Rouss testifies he was directed to send them. Isaac Levi testifies that he " had no particular one place as a center of business;"

that his "head-quarters during that time" was "wherever I put my hat down." He also testifies, "I received his (Rouss') invoice. They came to Plattsmouth first, and then got a letter." This seems to have been soon after the goods were shipped. Whether the invoice and letter contained a statement as to place of shipment does not appear, but as no complaint is made on that ground it is probable that such was the case. Rouss appears to have acted in good faith in the entire transaction. The goods appear to have been shipped immediately after they were purchased. The proof shows that Levi, without the slightest attempt on his part to comply with the contract, caused the attachment to be issued and levied upon the goods in question. The proof fails to show a cause of action arising upon contract, and does not aid the affidavit and bill of particulars in the case of *Levi v. Rouss.* The case, therefore, comes within the rule established by this court on the former hearing, viz., that where an attachment is issued by a justice of the peace against the property of a non-resident, and the cause of action is not founded on contract, judgment, or decree, the justice is without jurisdiction, and is liable. It follows that the judgment must be affirmed.

JUDGMENT AFFIRMED.

THE other judges concur.